**Janet TOMASKOVICH, Plaintiff–Appellant,**

**Lauren Stayer, Plaintiff–Appellant,**

**Lisa Hulten, Plaintiff–Appellant,**

v.

**AT&T WIRELESS, INC.
Defendant–Appellee.**

No. 01–4133.

United States Court of Appeals,
Sixth Circuit.

May 8, 2003.

Before NELSON and COLE, Circuit Judges; and ROSEN, District Judge.*

**OPINION**

COLE, Circuit Judge.

Plaintiff–Appellants Janet Tomaskovich, Lauren Stayer, and Lisa Hulten ("Plaintiffs") brought this action against Defendant–Appellee AT&T Wireless Services, Inc. ("AT&T"). In December of 1999, AT&T began a reorganization process that involved significant changes to its business model. As a result of this restructuring, many employees of AT&T were assigned new responsibilities, new clients, and new customer accounts. Plaintiffs were dissatisfied with their positions after the restructuring, and assert that the allocation of sales quotas and customer accounts favored male employees. Tomaskovich also contends that AT&T discriminated against her by awarding two separate post-reorganization promotions to other individuals. The plaintiffs filed a complaint alleging, among other things, sex discrimination in violation of Ohio Revised Code § 4112.02(A), age discrimination in violation of Ohio Revised Code § 4112.02(A),

and breach of implied contract. The district court granted summary judgment in favor of the defendant.

We believe that the lengthy and thorough district court opinion granting summary judgment in favor of AT&T on all counts adequately explains the factual history relevant to this case and properly describes and applies the relevant law and legal standards. After conducting a de novo review, and independently researching and analyzing the issues presented, we believe that the district court opinion provides an articulate and exhaustive analysis, the repetition of which would be merely redundant. We therefore affirm the grant of summary judgment in favor of AT&T on all counts brought by the Plaintiffs for the reasons stated in the district court opinion.

Additionally, we note that we find no error in the decision of the district court to maintain a sealed record in this case. The district court is given broad discretion regarding the decision to seal records. *See generally In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir.2003). There is nothing in the record before us to indicate that this decision was an abuse of discretion, and the Plaintiffs cite to no legal authority to support the contention that the record should not be sealed.

We therefore **AFFIRM** the judgment of the district court granting summary judgment to AT&T on all of the Plaintiffs' claims.

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.